## No. 9798.

### THE STATE OF LOUISIANA vs. JOSEPH STEPHENS.

An appeal returnable at New Orleans on the first Monday in November in a criminal case, which ought to have been made returnable at Shreveport at the opening of the term, will be dismissed, where it is apparent that the return day is suggested by appellant in the body of his motion.

It will not relieve the appellant even if the return day was suggested by the judge.

The error of the judge was accepted and became that of the appellant, and is a fault imputable to him.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

---

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee:

1. An appeal in a criminal case will be dismissed, *proprio motu* when made returnable on appellant's suggestion at an improper time and place. 38 Ann. 34, 42, 363; 36 Ann. 865; 35 Ann. 980; 32 Ann. 692, 542; 27 Ann. 540.

2. "Violently" is equivalent to "forcible," and conveys with technical accuracy the idea of force as involved in the crime of rape. Therefore, in an indictment for assault with intent to commit rape, the term "by force" is not sacramental, but may be supplied by the word "violently." 32 Ann. 336; Archb. P. and P. (Pomeroy's notes) p. 1011; Whar. Prec. of Indictment and Pleas, sec. 253; Stark C P. 429; 1 Mood. C. C. 179; 96 and P. 521; 1 Whart. Cr. Law, sec. 573; 12 S. and R 69; 8 Gray 859; S. P. 67; N. C. 55.

3. No rule exacts from a judge the adoption of the very language suggested by counsel for the accused in instructions to the jury which the latter may seek from the court. Nothing more can be required of the trial judge than to embody in charge the substantial meaning of an established principle of law invoked by the accused. 35 Ann. 1160, 970, 1159.

---

State vs. Stephens.

---

4.  A judge not only may, but should, refuse to charge an abstract legal proposition, which
    has no bearing on the case on trial, whether the proposition be correct or incorrect.  35
    Ann. 970, 774, 1043; 37 Ann. 443, 576; 38 Ann. 41.

The bill of exception must show that defendant asked for instructions which had a mater-
    ial bearing on the case, and that he did not require the court to charge upon abstract
    principles of law.  6 Ann. 287; 12 Ann. 679; 22 Ann. 425; 34 Ann. 1084; 35 Ann. 770.

*J. J. Foley* for Defendant and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The Attorney General asks the dismissal of this
appeal, because made returnable on an improper day, at the suggestion
of appellant.

The sentence was passed on the 2d of September, and the appeal
was moved for in writing on the 14th following, the court acting on the
motion which merely asks for the appeal, suggesting the return day.
It is not followed, as motions usually are, by the order of the court
granting the appeal, returnable to this Court at the city of New Or-
leans on the first Monday of November, the day suggested in the body
of the motion of appeal, under the signature of counsel for defendant.

The appeal ought to have been made returnable to this Court at
Shreveport on the second Monday of October following, it being the
place and time where this Court was first to hold session after the
passing of sentence.   Act No. 30 of 1878, secs. 1, 3, 4; State vs. Laqué,
37 Ann. 853; State vs. Burns, 363.

Counsel for appellant offered to file an affidavit to show that it was
at the suggestion of the judge that the appeal moved for was made
returnable at New Orleans.

He was not permitted to do so, for the reason that, conceding the
fact, the suggestion instead of being declined was accepted, and thus
the error of the judge became that of the appellant, to whom it is
imputable.

It is. therefore ordered that the appeal herein be dismissed with
costs.

Fenner, J., dissents.

---

ON APPLICATION FOR REHEARING.

WATKINS, J.   This application is made on the sole ground that, in
dismissing the appeal, the opinion of the Court misinterpreted Act
30 of 1878, section 4 of which is, as appellant's counsel insists, as fol-
lows, to-wit:

"That all such appeals shall be made returnable to the Supreme

Court within ten days after granting the order of appeal, *whenever* the said Court may be in session on the return day thereof."

He argues therefrom that, inasmuch as the order of appeal under consideration was granted on the 14th of September, 1886, at a time when this Court was *not* in session, the same was properly made returnable to this Court at its session on the first Monday in November, in this city, as it was.

This question has never been, in terms, decided; but it has, frequently, in effect.

The word "whenever," as employed in the Act, is meaningless, and destroys its sense.

Researches have clearly satisfied us that the word used in the text of the original act is *wherever*.

In construing that statute, as *printed* in the volume published, this Court has invariably given it effect *as written in the text*.

In cases quite similar to this one, it has been held that appeals should have been made returnable to this Court at its term *first* convening thereafter. That ruling is in strict keeping with the spirit of the law, and in harmony with the evident intention of the legislature.

Rehearing refused.